T.C. Summary Opinion 2003-38


UNITED STATES TAX COURT


ROBERT JAMES MENTZEL, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12228-01S.               Filed April 21, 2003.


      Robert James Mentzel, pro se.

      <u>Steven W. LaBounty</u>, for respondent.


      DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $805 for the taxable year 1998.

The issue for decision is whether petitioner's son resided with petitioner for more than half of 1998, thereby entitling petitioner to a dependency exemption deduction, to a child tax credit, and to head of household filing status for that year.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in St. Louis, Missouri, on the date the petition was filed in this case.

Petitioner and his former wife, Barbara Mentzel (Ms. Mentzel) were divorced on February 27, 1995. The divorce decree awarded petitioner and Ms. Mentzel joint legal custody of their son, Robert James Mentzel III (Robert). The decree, which was prepared using a standardized form, contained provisions concerning who was to be awarded "primary" physical custody versus "temporary" physical custody; these provisions had been selected, struck out, and written over in a somewhat unclear manner. The resulting language provided as follows:

> The Petitioner [Ms. Mentzel] and Respondent [petitioner] shall exercise Joint Legal Custody but the Primary

> Physical...[1]  Care, custody and control of the minor child awarded as follows:  Robert James Mentzel III born Jan. 12, 1991 whose legal address shall be Petitioner's residence.[2] Respondent is awarded Temporary Custody of the minor child as follows.

Various provisions were then spelled out in detail concerning how many days each party was to have physical custody.  In general, the decree provided that petitioner was to have custody on Monday and Thursday evenings and nights, on alternating weekends from Friday evening through Sunday afternoon, and during the day on Saturdays when Ms. Mentzel was working.  According to additional provisions attached as an exhibit to the divorce decree, each party was to receive 3 weeks of vacation with Robert and a detailed schedule was devised dividing time over holidays and birthdays.  The weekly, holiday, and birthday schedules all included times of the day when custody was to change.  The effect of the holiday and birthday schedules was to divide Robert's time nearly equally between petitioner and Ms. Mentzel.  The schedule was not set in stone, however, as it provided for optional 3-day

---

[1]This sentence was selected from an alternative sentence providing "The Petitioner and Respondent shall exercise Joint Legal and Physical...".

[2]It is unclear if an optional sentence was meant to be inserted at this point.  The box preceding this optional sentence was not checked, but a blank line inside the sentence was filled in with a "1".  The sentence provided "Visitation and Temporary Custody per attached exhibit 1 incorporated in and made part of the decree."  A document attached to the decree as Exhibit 1 provided the details concerning the vacation, holiday, and birthday schedules discussed infra.

weekends instead of the usual 2 days for petitioner, the frequency of when Ms. Mentzel was to work on Saturdays was not specified, and the decree contained a provision allowing the parties to "make such changes in the physical custody schedule, vacation, holiday and birthday schedule that they may agree on." Finally, the decree ordered petitioner to pay (a) child support of $550 per month to Ms. Mentzel; (b) medical insurance premiums for Robert; and (c) half of Robert's uninsured medical expenses.

Petitioner filed a Federal income tax return for taxable year 1998 with a filing status of head of household. On this return, petitioner claimed a dependency exemption deduction and a child tax credit for Robert. In the statutory notice of deficiency, respondent changed petitioner's filing status to single and disallowed the dependency exemption deduction and child tax credit.

A deduction generally is allowed for each dependent of a taxpayer under section 151. Sec. 151(a), (c)(1). As a general rule, a child of a taxpayer is a dependent of the taxpayer only if the taxpayer provides over half of the child's support for the taxable year. Sec. 152(a). A special rule applies to taxpayer-parents who are divorced, who are separated, or who live separately for at least the last 6 months of the calendar year, but who have custody of the child for more than half of the year and who together provide over half of the child's support. Sec.

152(e)(1). Under this rule, the parent with custody of the child for the greater portion of the year (the "custodial parent") generally is treated as having provided over half of the child's support, regardless of which parent actually provided the support. Id. Custody is determined as follows:

> "Custody", for purposes of this section, will be determined by the terms of the most recent decree of divorce or separate maintenance, or subsequent custody decree, or, if none, a written separation agreement. In the event of so-called "split" custody, or if neither a decree or agreement establishes who has custody, or if the validity or continuing effect of such decree or agreement is uncertain by reason of proceedings pending on the last day of the calendar year, "custody" will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year.

Sec. 1.152-4(b), Income Tax Regs. An exception to the special rule exists which entitles the noncustodial parent to the dependency exemption deduction. Sec. 152(e)(2). For the exception to apply, the custodial parent must sign a written declaration releasing his or her claim to the deduction, and the noncustodial parent must attach the declaration to his or her tax return. Id. The Internal Revenue Service provides Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, which can be used as the written declaration required by section 152(e)(2).

A credit generally is allowed to a taxpayer for each qualifying child of the taxpayer. Sec. 24(a). Among other requirements, a qualifying child is one for whom the taxpayer is

entitled to a dependency exemption deduction under section 151. Sec. 24(c)(1)(A).

As is applicable here, for a taxpayer to be entitled to head of household filing status for a given taxable year, the taxpayer must maintain "as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of a child of the taxpayer.  Sec. 2(b)(1)(A)(i).

Petitioner argues that the divorce decree provided for split physical custody and that petitioner had actual physical custody of Robert for a greater number of days in 1998 than did Ms. Mentzel.  We agree that the divorce decree effectively provided for split custody between petitioner and Ms. Mentzel.  However, we do not find that petitioner had actual custody of Robert for a greater number of days than did Ms. Mentzel.

To corroborate petitioner's assertion that Robert resided with him for a greater number of days, petitioner provided a calendar allegedly detailing the number of days he had physical custody of Robert during that year.  The days which petitioner allegedly had custody of Robert are simply highlighted, and monthly totals such as "B-14" and "M-17" indicate the alleged total number of days petitioner and Ms. Mentzel each had custody during that month.  The yearly totals indicate petitioner had custody for 186 days, Ms. Mentzel for 176 days, and child care providers for 3 days.  This calendar appears to have been filled

out in preparation for trial rather than during the year in issue: No other notations appear on the calendar, indicating it likely was not used as a general calendar during that year. Furthermore, the accuracy of the calendar is questionable because it fails to distinguish between those days on which petitioner had custody for the majority of the day and those days on which he had custody for only a few hours; according to the divorce decree and petitioner's own testimony this would have happened on many occasions. We do not find this calendar to be credible evidence of the amount of time petitioner had physical custody of Robert during 1998.

The terms of the divorce decree, after accounting for the time Robert would have been in school and in child care, splits the physical custody of Robert nearly equally between petitioner and Ms. Mentzel. Understandably, the record in this case fails to establish the exact number of days each of them actually spent with Robert. However, because petitioner has failed to provide credible evidence regarding this issue, the burden of proof remains on him to show respondent's determinations to be in error. Sec. 7491(a)(1); Rule 142(a). Petitioner has failed to show that he was Robert's custodial parent during 1998, and petitioner did not attach to his return a written declaration signed by Ms. Mentzel. Thus, he is not entitled to the dependency exemption deduction pursuant to the special rules of

section 152(e).  Furthermore, assuming arguendo that custody was split exactly evenly, petitioner has failed to show that he provided over half of Robert's support during 1998; petitioner therefore would not be entitled to the dependency exemption deduction pursuant to the general rule of section 152(a).

Because petitioner is not entitled to the dependency exemption deduction, he also is not entitled to the child tax credit.  Sec. 24(c)(1)(A).  Finally, because petitioner has failed to establish that Robert resided with him for more than half of 1998, he is not entitled to head of household filing status.  Sec. 2(b)(1).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.